The judgment of the court was pronounced by
Rost, J.
This suit was commenced by attachment on a claim of two thousand dollars, not due at the time, on the ground that the defendant was on the eve of leaving the State forever, and of removing his properly out of the State before the debt became due. .
. The defendant Binion answered the petition, denying the existence of the claim of the plaintiff, or of any contract under which it could have originated. He further answered, that he had a plantation and slaves in the parish of Carroll, which he never intended to abandon, and that the object of his visit to the State of Mississippi, during which the attachment issued against him, was well known to the plaintiff. That the sueing out of the attachment was a fraudulent, vexatious, malicious and illegal proceeding, by which he had been put to great trouble and expense. He asked that the attachment be dissolved, and a judgment in reconvention for counsel fees and other damages.
The case was hied before a jury, who returned the following: “We, the jury, find for the defendant in this, that the attachment was wrongfully sued out by the plaintiff, and we assess the defendant’s damage at two hundred and fifty dollars.” Sam’l. Neim,, Foreman.
The judgment was, that the attachment be dissolved at the costs of the plaintiff ; and that the plaintiff pay the defendant the sum of two hundred and fifty dollars. The plaintiff appealed.
The plaintiff sues upon a verbal contract for two thousand dollars. The witness offered to prove, it is his brother-in-law who testifies that he heard a contract between Davis and Binion, and that Binion agreed to give Davis two thousand dollars for certain buildings and improvemens on a quarter section of land; and that he has heard him say that he owed Davis that amount. Unfortunately for this witness his subsequent testimony shows that these statements cannot be true. He says that Davis and Binion originally bought of William Collins, on joint account, the improvements on two quarter sections of land. They then made a division, and each obtained a preemption right to the quarter *249 section that fell to his share. It was found that the two quarter sections were equal in regard to the land ; but that the improvements on the quarter section of Binion were worth two thousand dollars more than the improvements on the quarter section of Davis.” If this be true, as Binion and Davis were joint owners, it is clear that one-half of those improvements belonged to Binion, and that he could not owe Davis two thousand dollai-s.
Franklin, the next witness for the plaintiff, says that Binion told him he intended to separate from Davis. That shortly after he said he had done so; and that the difference in the value of the two- quarter sections, including the improvement, was $2000. He did not understand Binion to say that he was to pay Davis $2000 dollars.
Other Witnesses testify that Davis sent to Binion a note for two thousand dollars to be signed by him, which he refused to do, giving as a reason, “according to some of the witnesses,” that it was for too large' an amount, and did not contain stipulations which were to be inserted in it; and stating, according to others, that he never agreed to pay any such amount, and that if Mr. Davis thought that his quarter section was so valuable he might take it and give him the other.
The evidence in the record shows conclusively, that although Davis and Binion had agreed to make a division of the land, the terms and conditions upon which it was to be made were never finally agreed upon between them. The contract remained incomplete: the plaintiff claiming two thousand dollars, and the defendant, if he consented to pay anything, only offering a portion of this sum on certain conditions not clearly stated by the evidence. Being satisfied that no contract has been proved, it is unnecessary to enquire whether the contract alleged could be enforced at law, and also whether the plaintiff had reasonable cause to believe the facts to which he swore to obtain the attachment.
It is urged, that the district judge erred in admitting the proof of any damages arising in this suit; and that, if any damages were sustained by the defendant, his remedy is by a separate suit on the attachment bond.
The reeonventional claim for damages rests upon the allegation that the plaintiff is not a resident of the parish in which he sues, and is made under the well known amendment to art. 375 of the Code of Practice.
To prove the residence of the plaintiff in the State of Mississippi, the defendant offered, among other evidence, an authentic act, to which the said plaintiff is a party, passed a short time before the institution of this suit, and in which he represents himself to be a citizen of that State; to the admission of which the plaintiff’s counsel objected, on the ground that Binion was not a party to it. But the court overruled the objection; and the plaintiff took a bill of exceptions.
The district judge did not err; the document was admissible to show the declaration of the plaintiff as to his domicil. Upon its admission the plaintiff offered to prove, that the act had been dictated “by the defendant’s counsel, and that that portion of it which states the plaintiff to be of “Hind’s county, State of Mississippi,” was not read to him by the notary or any body else; and that he never read the act himself, or knew of said declaration until it was offered in evidence here. The court refused to admit the evidence, and charged the jury, that the plaintiff was bound by his declarations of domicil in the authentic act. To these rulings of the court the plaintiff’s counsel objected. We are of opinion, that the district judge erred in his charge to the jury. The same question was before us in the case of Hill, McLean 8f Co. v. L. Spangenberg, 4th Ann. 553; and after mature deliberations we held, that a party so situated was not concluded by his declaration's of domicil in authentic acts passed with third *250 persons, and that lie might disprove them. We have no doubt of the correctness of the rule in all cases where the domicil is not one of the causes of the contract.
We have no means of ascertaining to what conclusion the jury would have come as to the residence of the plaintiff, if this charge had not been given. We will therefore dismiss the reconventional claim without prejudice.
It is ordered, that the judgment in this case be reversed. Itis furtherordered, that there be judgment in favor of the defendant, with the costs of the district court; those of this appeal to be paid by him. It is further ordered, that the claim of the defendant in reconvention be reserved.